IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRETT DEVINE d/b/a
B. DEVINE EXTERIOR                                                    PLAINTIFF

Vs.                     No. 4:24-cv-89-KGB

JOHN PRESTON WILSON, SR.;
and LIGHTS BY SPARKY, INC.                                   DEFENDANTS

**PETITION FOR ATTORNEY'S FEES**

COMES NOW Plaintiff, Brett Devine d/b/a B. Devine Exterior, by and through his counsel, Barber Law Firm, for his Petition for Attorney's Fees, states:

1. On January 16, 2025, this Court entered a Consent Decree and Permanent Injunction in the above-captioned matter, requiring Defendants John Preston Wilson, Sr., ("Wilson") and Lights by Sparky, Inc. ("Sparky") to transfer all domain names using variations of Plaintiff's names (including but not limited to: bdevineexteriors.com; bdevineexterior.com; bdevinelights.com; bdevinelighting.com; brettdevinelights.com; and brettdevinelighting.com) and to cancel Sparky's fictitious name of "B. Devine Exteriors" within fourteen (14) days of the entry of the Order. (See Doc 21). As a condition of settlement and entry of the Consent Decree and Permanent Injunction, Wilson and Sparky agreed to reimburse Devine $490 for his costs associated with filing and service of the Complaint.

2. The deadline to comply with the Consent Decree and Permanent Injunction was February 4, 2025. The day before the deadline, counsel for Devine wrote counsel for Wilson and Sparky as a reminder of the deadline the next day. Wilson and Sparky thereafter began working

to purge the domain names.  However, the fictitious name registered with the Secretary of State's office was not cancelled, nor was payment made to Mr. Devine for his costs.

3. On February 25, 2025, Counsel for Devine again wrote counsel for Wilson and Sparky and provided specific instruction for canceling the fictitious name and requesting a new check to Mr. Devine for his costs because the first one which was allegedly mailed, was never received.  There was no response to the February 25, 2025, correspondence. Mr. Devine filed a Motion for Contempt on March 18, 2025.  (Docs 22-23).  Wilson and Sparky did not respond to the motion, and the Court set the matter for a hearing at 11:00 am on April 25, 2025.  (Doc. 24).

4. At the hearing, Devine presented testimony from Ms. Julie Wolfe, the Director of Business and Commercial Services at the Arkansas Secretary of State's office. Ms. Wolfe testified about the simple process to remove a fictitious name, which involved filling out a one-page form and paying a $25 fee.  She also confirmed that the Secretary of State's office maintains a record of all written submissions for changes to corporate names, and there was no record of Wilson or Sparky attempting to remove B. Devine Exterior, which remained an active fictitious name for Lights by Sparky, Inc. as of the time of the hearing.  Wilson testified on his behalf that he called the Secretary of State's office twice to discuss removal of the fictitious name.  Wilson could not identify when he made those calls, but it is evident that he took no steps to remove the fictitious name after the February 25 email explaining the process or even after the Motion for Contempt was filed.

5. Following the hearing on April 25, 2025, Counsel for Wilson and Sparky provided a check payable to Mr. Devine for Mr. Devine's costs.  At 1:50 pm following the hearing (less than two hours after the hearing concluded), the Secretary of State's office verbally confirmed that Mr. Wilson completed the paperwork to cancel Sparky's fictitious name of "B. Devine Exteriors."

The fact that these tasks were accomplished so quickly speaks to Wilson's and Sparky's willful refusal to comply with the Consent Decree in its entirety.

6. Wilson and Sparky should be compelled to pay all of Devine's attorney's fees incurred after the February 4, 2025, deadline to comply with the Consent Decree and Permanent Injunction. Attached hereto as Exhibit A, is a summary of all time spent to remedy Wilson's and Sparky's failure to comply with the Consent Decree and Permanent Injunction.[1]

7. Devine signed an engagement letter on January 22, 2024, in which he agreed to pay $350 per hour for the undersigned counsel, $210 per hour for associate time spent on his file, and $115 per hour for paralegal time spent on his file. The engagement letter will be produced for in camera review if requested. This fee structure matches what the Barber Law Firm charges for like cases. (See Exhibit B, Robertson Affidavit, submitted pursuant to Local Rule 54.1). Mr. Devine recognizes that the Court may sanction Wilson and Sparky for contempt and may fine Wilson and Sparky in an amount sufficient to reimburse the Court system for resources spent as a result of their failure to comply with the settlement and Consent Decree; as part of any potential sanction considered by the Court, Devine requests that the Court order Wilson and Sparky to pay the attorney's fees incurred as a result of the defendants' misconduct in the amount of $2,810.50

8. The Court is authorized to award attorney's fees in these circumstances. Moss v. United States Xpress, Inc., 2024 U.S. Dist. LEXIS 46084. The Court is to consider the prevailing market rates in the relevant community, and District Courts may rely on their own experience and knowledge of prevailing market rates. The Court has previously approved similar rates. Estes v. Buell, 2020 U.S. Dist. LEXIS 270389 (recognizing that the Eighth Circuit and District Courts have

---

[1] A draft of WIP fees was brought to the hearing and discussed during the hearing. When reviewing those time entries in preparation of this Motion, it was determined that certain associate time spent was of little value to Mr. Devine. As a result, the associate's time has been removed from Exhibit A to this Motion.

3

routinely found that rates at $350 per hour represent a reasonable hourly rate, citing <u>Edwards v. Beck</u>, 2014 U.S.Dist LEXIS 78144 (E.D. Ark. 2014); <u>Watkins v. Lawrence County</u>, 2024 U.S. Dist. LEXIS 59453 (reductions made for duplicative effort but awarding the requested rate of $325/hour partner, $255/hour for associates, and $125 per hour for paralegals).

WHEREFORE, Brett Devine respectfully requests that the Court award the requested attorneys' fees.

Respectfully submitted,

James D. Robertson (AR BIN 95181)
BARBER LAW FIRM PLLC
***Attorneys for Brett Devine***
1 Allied Drive, Suite 1600
Little Rock, AR 72202
(501) 372-6175
jrobertson@barberlawfirm.com